37 F.3d 1505
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Craig FROST, Petitioner,
v.
FEDERAL AVIATION ADMINISTRATION; National Transportation
Safety Board, Respondents.
 No. 93-70720.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 14, 1994.*
Decided Sept. 21, 1994.
 
 Before: ALDISERT,** TANG and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Craig Frost petitions for review of the National Transportation Safety Board's (NTSB) denial of his appeal from an administrative law judge's (ALJ) decision upholding the Federal Aviation Administration's (FAA) suspension and revocation of his commercial pilot certificate.
 
 
 3
 Frost raises three issues in his petition to this court: (1) whether the revocation of his license violates the rule of uniformity announced in Essery v. Department of Transp., 857 F.2d 1286 (9th Cir.1988); (2) whether the ALJ erred in excluding evidence of Frost's ability and qualifications as irrelevant to the issue whether revocation was the proper sanction for his misconduct; and (3) whether the ALJ's bias prevented Frost from receiving a fair hearing, thus depriving him of due process.
 
 
 4
 We must decide as a preliminary matter whether we have jurisdiction to hear these issues. The statute governing judicial review of NTSB decisions provides: "No objection to an order of the Board of Secretary of Transportation shall be considered by the court unless such objection shall have been urged before the Board or Secretary of Transportation or, if it was not so urged, unless there were reasonable grounds for failure to do so." 49 U.S.C. app. Sec. 1486(e) (1988). This limitation on our jurisdiction does not apply "if the agency lacked either the power or the jurisdiction to decide it." Reid v. Engen, 765 F.2d 1457, 1461 (9th Cir.1985).
 
 
 5
 The first issue, whether the license revocation violates the rule of uniformity announced in Essery, was not presented to the NTSB. As evidence that he raised the issue before the NTSB, Frost points to his argument that because there was no testimony about his ability to operate a fixed wing aircraft it was an abuse of discretion to revoke his fixed wing license. That argument is dissimilar to an argument that revocation of his fixed wing and helicopter licenses violates the rule of uniformity. Frost does not dispute that the NTSB could have corrected this alleged error had he presented it. Thus we may hear the issue only if there were reasonable grounds for his failure to raise this issue before the NTSB.
 
 
 6
 Frost argues the NTSB's refusal to consider the issue when he moved to amend and augment his motion for reconsideration excuses his failure to raise it. We disagree. The fact that the NTSB refused to consider an argument presented to it in an untimely manner does not make Frost's failure to timely present it reasonable. Nor do we accept Frost's argument that we may consider this issue because it is purely legal and would not require the development of new facts. The cases on which he relies, Hansen v. Morgan, 582 F.2d 1214 (9th Cir.1978), and Whittaker Corp. v. Execuair Corp., 736 F.2d 1341 (9th Cir.1984), both involved appeals from trials in the district court. This authority is inapplicable where, as here, a statute circumscribes the limits of our jurisdiction. See Reid, 765 F.2d at 1462 ("[O]ur discretion to undertake such an inquiry is absent when a statute requires exhaustion of claims before the agency."). We lack jurisdiction to address the merits of this issue.
 
 
 7
 Frost also failed to raise the second issue to the NTSB. He argued before the NTSB that evidence of his ability and qualifications should have been admitted on the issue whether he violated 14 Code of Federal Regulations Sec. 91.9. He now argues this evidence was admissible on the issue whether revocation was the proper penalty for his misconduct. Had he presented this issue to the NTSB, the NTSB could have addressed it. Frost presents no reasonable ground for his failure to raise it there. Accordingly, we lack jurisdiction to address the merits of this issue.
 
 
 8
 We also lack jurisdiction to hear Frost's third issue. Again, he did not raise the issue before the NTSB. There he argued he was prejudiced by FAA misconduct, not by the bias of the ALJ. Nevertheless, Frost urges us to address the merits of this issue because our review would be de novo. Thus, Frost argues, his failure to raise it before the NTSB does not harm judicial economy because even had he raised it before the NTSB, we would review the ALJ record de novo. We have noted, however, that "[e]xhaustion rules ... avoid the application of judicial resources to matters which might be resolvable at the agency level." Sears, Roebuck & Co. v. FTC, 676 F.2d 385, 398 (9th Cir.1982). Had Frost presented this claim to the NTSB, it might have resolved the issue in his favor, obviating the need for this petition. We will not excuse his failure to give the NTSB that chance. See Reid, 765 F.2d at 1461 (declining to review a due process claim not presented to the NTSB).
 
 
 9
 Because we lack jurisdiction to hear the issues raised in Frost's petition, his petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3